J-S07004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VICTOR HARRIS, | |
| Appellant | No. 1211 EDA 2017 |

Appeal from the PCRA Order Entered March 13, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005222-2013

BEFORE:  BENDER, P.J.E. , PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 07, 2018**

Appellant, Victor Harris, appeals from the post-conviction court's March 13, 2017 order denying his first, timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant presents one claim, alleging that his trial counsel was ineffective for failing to investigate and interview the confidential informant (CI) in this case.  After careful review, we affirm.

This Court previously set forth the following summary of the procedural and factual history of Appellant's underlying conviction:

> On October 23, 2012, Bensalem Police Officers conducted a controlled buy of narcotics from [Appellant].  A [CI] was utilized to purchase seven bags of cocaine for $80.00.
>
> Arrangements were made for [Appellant] to sell the [CI] cocaine at the Stadium Bar in Bensalem, Bucks County, Pennsylvania.  Bensalem Police Sergeant Busch and Officers Smith

and Brady conducted the surveillance concerning the transaction. Officer Brady testified that he observed [Appellant] hand a plastic bag to the [CI]. The [CI], in exchange, was observed counting and handing cash to [Appellant].

After the transaction, Officer Brady maintained visual contact with the [CI]. They met in a secluded area of the parking lot and the [CI] handed the bags containing white powder to Officer Brady and returned $120.00 of the pre-recorded 'buy' money.

The bags were submitted to the Bucks County Crime Lab for analysis. The lab determined that the bags contained 1.83 grams of cocaine. On October 7, 2013, the case proceeded to trial. [Appellant] raised a single pre-trial motion to disclose the identity of the [CI]. The motion was denied[,] as [Appellant] readily admitted he already knew the identity of the [CI], but insisted on confronting and cross-examining this person. The Commonwealth elected to proceed to trial with[out] calling the [CI] as a witness.

The jury returned a verdict of guilty as to the lone count of the Criminal Information, Delivery of a Controlled Substance.[1] A Pre-Sentence Report was ordered and on December 15, 2013, [Appellant] was sentenced to not less than three and one half nor more than seven years in a State Correctional Institution.

**Commonwealth v. Harris**, No. 605 EDA 2014, unpublished memorandum at 1-2 (Pa. Super. filed Jan. 16, 2015) (quoting Trial Court Opinion, 5/9/14, at 1-2).

Appellant filed a direct appeal with this Court, and we affirmed. **See Harris, supra**. He did not file a petition for allowance of appeal with our Supreme Court. Instead, he filed a PCRA petition on June 10, 2015. Counsel was appointed and an amended petition was filed on Appellant's behalf raising several claims of trial counsel's ineffectiveness. On December 19, 2016, a

---

[1] 35 P.S. § 780-113(a)(30).

PCRA hearing was conducted, at which trial counsel testified. On March 13, 2017, the PCRA court issued an order denying Appellant's petition.

Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. Herein, he presents one issue for our review: "Was trial counsel ineffective when he failed to interview the [CI], whose identity was known to [Appellant] and counsel, when he was an eyewitness and allegedly had exculpatory evidence?" Appellant's Brief at 3.

We begin by recognizing that "[t]his Court's standard of review from the grant or denial of post-conviction relief is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Morales**, 701 A.2d 516, 520 (Pa. 1997) (citing **Commonwealth v. Travaglia**, 661 A.2d 352, 356 n.4 (Pa. 1995)). Where, as here, a petitioner claims that he received ineffective assistance of counsel, our Supreme Court has directed that the following standards apply:

> [A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii). "Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him." [**Commonwealth v.**] **Colavita**, 606 Pa. [1,] 21, 993 A.2d [874,] 886 [(Pa. 2010)] (citing **Strickland**[ **v. Washington**, 104 S.Ct. 2053 (1984)]). In Pennsylvania, we have refined the **Strickland**

performance and prejudice test into a three-part inquiry. *See* [*Commonwealth v.*] *Pierce*, [515 Pa. 153, 527 A.2d 973 (Pa. 1987)]. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *Commonwealth v. Ali*, 608 Pa. 71, 86, 10 A.3d 282, 291 (2010). "If a petitioner fails to prove any of these prongs, his claim fails." *Commonwealth v. Simpson*, [620] Pa. [60, 73], 66 A.3d 253, 260 (2013) (citation omitted). Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. *See Ali, supra*. Where matters of strategy and tactics are concerned, "[a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Colavita*, 606 Pa. at 21, 993 A.2d at 887 (quotation and quotation marks omitted). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Commonwealth v. King*, 618 Pa. 405, 57 A.3d 607, 613 (2012) (quotation, quotation marks, and citation omitted). "'[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.'" *Ali*, 608 Pa. at 86–87, 10 A.3d at 291 (quoting *Commonwealth v. Collins*, 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052)).

*Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014).

Presently, Appellant maintains that his trial counsel was ineffective for failing to investigate and interview the CI in this case. In regard to this specific type of ineffectiveness claim, our Court has elucidated:

Neglecting to call a witness differs from failing to investigate a witness in a subtle but important way. The failure to investigate presents an issue of arguable merit where the record demonstrates that counsel did not perform an investigation. It can be unreasonable *per se* to conduct no investigation into known witnesses. Importantly, a petitioner still must demonstrate prejudice. To demonstrate prejudice where the allegation is the

- 4 -

failure to interview a witness, the petitioner must show that there is a reasonable probability that the testimony the witness would have provided would have led to a different outcome at trial.

In this respect, a failure to investigate and interview a witness claim overlaps with declining to call a witness since the petitioner must prove: (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial.

***Commonwealth v. Pander***, 100 A.3d 626, 638–39 (Pa. Super. 2014) (internal citations and quotation marks omitted).

In this case, Appellant maintains that he has established arguable merit to his ineffectiveness claim because his trial counsel failed to interview or investigate the CI. He further avers that "trial counsel was unreasonable *per se* when he determined that he would not call [the CI] to testify at trial without conducting an investigation and interviewing him." Appellant's Brief at 15. According to Appellant, counsel decided not to call the CI to the stand at trial directly after the preliminary hearing, which was "premature and uninformed[,]" considering that counsel had not interviewed the CI. *Id.* at 17. In regard to prejudice, Appellant stresses that "virtually the only issue [at his trial was] the credibility of the Commonwealth witnesses versus that of [Appellant]," and therefore, "counsel's failure to explore all alternatives available to assure that the jury heard the testimony of a known witness who might be capable of casting a shadow upon the Commonwealth witnesses' truthfulness is ineffectiveness of counsel." *Id.* Appellant maintains that, even if counsel believed the CI would be 'hostile' to the defense, "there was no risk

in interviewing [the CI] to determine how the operation was planned, if he had additional information that had not been disclosed by the Commonwealth, and if his and [Appellant's] accounts of what transpired inside the bar were substantially similar." *Id.* at 17-18.

Initially, we agree with the Commonwealth that the record does not support Appellant's assertion that counsel failed to investigate the CI. At the PCRA hearing, trial counsel testified that Appellant told him who the CI was, and provided him with the CI's phone number. N.T. PCRA Hearing, 12/19/16, at 38, 39. Counsel called the CI, who told counsel "not to bother him." *Id.* at 38.[2] During the call, the CI also informed counsel that he was not going to testify, and that "[h]e wasn't going to do anything for [Appellant]." *Id.* at 39, 40. Nevertheless, counsel filed a pretrial motion to compel the Commonwealth to disclose the identity of the CI so counsel could verify that the person named by Appellant was actually the CI, *see id.* at 38, and to discover the location of the CI and "his criminal history[,]" N.T. Pretrial Hearing at 7. However, counsel's pretrial motion was denied.

_____

[2] Appellant suggests that counsel's testimony that he spoke to the CI was not credible, because counsel stated at the hearing on Appellant's pretrial motion to reveal the CI's identity that he did not have the CI's contact information. However, as the Commonwealth points out, at the pretrial hearing, counsel also informed the court that he and Appellant had had contact with the CI "[u]p until January [of 2013]" but after that point, the contact had ended and he no longer knew where the CI was located. N.T. Pretrial Hearing, 10/7/13, at 7. Thus, counsel's testimony at the PCRA hearing that he spoke to the CI at some unidentified time was not contradicted by his comments at the pretrial hearing.

Based on this record, it is apparent that trial counsel **did** conduct an investigation of the CI, discovering that the CI was not willing to talk to counsel or testify at trial on Appellant's behalf. Counsel then filed a pretrial motion in an effort to obtain more information about the CI, but that motion was denied. These actions by trial counsel demonstrate that there is no arguable merit to Appellant's claim that counsel failed to investigate the CI.

In any event, we would also conclude that Appellant has not established that he was prejudiced by trial counsel's conduct. Notably, Appellant subpoenaed the CI to testify at the PCRA hearing, but the CI failed to appear. N.T. PCRA Hearing at 19-20. Additionally, Appellant does not explain what testimony the CI would have offered at trial, nor discuss how that testimony would have changed the jury's verdict. Therefore, Appellant has not "show[n] that there is a reasonable probability that the testimony [the CI] would have provided would have led to a different outcome at trial." **Pander**, 100 A.3d at 639.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/18

- 7 -